# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## CIVIL NO:

| | |
|---|---|
| TENIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRACHFELD LAW GROUP, P.C. | )   **COMPLAINT** |
| | ) |
| Defendant. | ) |

TENIA JOHNSON (Plaintiff), by and through her attorneys, KROHN & MOSS, LTD., alleges the following against BRACHFELD LAW GROUP, P.C. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Minnesota; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Brooklyn Center, Hennepin County, Minnesota.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Torrance, California.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around August of 2011, Defendant began placing calls to Plaintiff seeking and demanding payment on an alleged debt.

11. Defendant called Plaintiff from 651-829-8533, and possibly other numbers also.

12. On August 11, 2011, Plaintiff received a call on her cell phone while she was at work from Defendant's representative who identified himself only as "Fritz." Fritz told Plaintiff he was an attorney.

13. Plaintiff told Fritz that she could not take calls while she was at work, as her employer prohibited such calls unless they were an emergency.

14. In response, Fritz became abusive to Plaintiff, told her to "get your sh*t

together," demanded that Plaintiff pay this bill at the expense of any other obligations and if she failed to do so would "lose everything."

15. During this call, Fritz refused to provide the original creditor or any other identifying information as to the source of this alleged debt. Fritz also failed to state the call was from a debt collector and that any information obtained would be used for that purpose.

16. Plaintiff hung up on Fritz, however he immediately called back, this time to the business number of Plaintiff's work. Plaintiff again informed Fritz that she could not receive calls at work and again hung up.

17. Very soon thereafter, Fritz called back and asked Plaintiff about her income and employment, and said that he was sending "garnishment paperwork."

18. Later that same day, Plaintiff received a call from a friend, Joyce Scott ("Scott"). Scott informed Plaintiff that she was very upset and as she had received a call from a Joe Fritz from a "Brock's Law Office" to inquire as to the whereabouts of Plaintiff.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   b. Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

   d. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

3

e. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken;

f. Defendant violated §1692e(10) of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

g. Defendant violated §1692e(11) of the FDCPA through the failure to disclose in the initial and/or subsequent communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained would be used for that purpose.

WHEREFORE, Plaintiff, TENIA JOHNSON, respectfully requests judgment be entered against Defendant, BRACHFELD LAW GROUP, P.C., for the following:

1. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;
2. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and
3. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: s/ Lee Cassie Yates_____
Lee Cassie Yates - # 352688
10 N. Dearborn, 3rd Floor
Chicago, Illinois 60602
Telephone: (312) 578-9428
cyates@consumerlawcenter.com
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA  )
                    )
COUNTY OF _____ )

Plaintiff, TENIA JOHNSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TENIA JOHNSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_9/26/2011_____                         _Tenia Johnson_____
       Date                                         TENIA JOHNSON